| | |
|---|---|
| DISTRICT COURT, LARIMER COUNTY, COLORADO<br><br>Court Address: Larimer County Justice Center<br>201 La Porte Ave.<br>Ft. Collins, CO 80521 | DATE FILED: September 26, 2023 2:52 PM<br>FILING ID: B2C8BD57AC06D<br>CASE NUMBER: 2023CV30805 |
| **Plaintiff: CAMDENNE STOVALL**<br><br>v.<br><br>**Defendants: STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** | ▲COURT USE ONLY▲ |
| Attorneys for Plaintiff<br>Josh Hotchkiss, Reg. #53105<br>Franklin D. Azar & Associates, P.C.<br>14426 East Evans Avenue<br>Aurora, CO 80014<br>Phone Number: (303) 757-3300<br>Fax Number:   (303) 757-3206<br>E-Mail: hotchkissj@fdazar.com | Case No.:<br><br>Division: |
| **CIVIL COMPLAINT** | |

Plaintiff, Camdenne Stovall, by and through her attorneys, Josh Hotchkiss of Franklin D. Azar and Associates, P.C., for her Complaint and Jury Demand against Defendant State Farm Mutual Automobile Insurance Company, states and alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, Camdenne Stovall (hereinafter, "Ms. Stovall") is an individual and resident of the State of Colorado.

2. Defendant State Farm Mutual Automobile Insurance Company (hereinafter "Defendant STATE FARM") is a corporation with a registered agent in the State of Colorado and regularly conducts business activities in the State of Colorado.

3. Upon information and belief, Defendant State Farm's registered agent is located at 1900 W. Littleton Boulevard, Littleton, CO 80120.

4. Jurisdiction is proper in this action pursuant to C.R.S. § 13-1-124 because the incident underlying this cause of action occurred within the State of Colorado.

5. Venue is proper in this action pursuant to C.R.C.P. § 98(c)(1).

## GENERAL ALLEGATIONS

6. On April 30, 2023, Ms. Stovall was injured in a motor-vehicle crash.

7. At the time of the crash, Ms. Stovall was a passenger in a vehicle being driven by Leandrew Thomas (hereinafter "Mr. Thomas").

8. Mr. Thomas was an underinsured driver.

9. Ms. Stovall's policy with STATE FARM is identified by Number: 4735794D0906B.

10. Ms. Stovall's policy with STATE FARM provided $100,000.00 in underinsured motorist ("UIM") coverage.

11. Ms. Stovall's policy with STATE FARM was in full force and effect on April 30, 2023.

12. The crash occurred at approximately 3:39 AM.

13. The crash occurred near milepost 82 on US Hwy 34, Larimer County, Colorado.

14. Mr. Thomas was driving his 2018 Subaru Impreza.

15. At the time of the crash, Ms. Stovall was the front seat passenger.

16. At the time of the crash, Mr. Thomas was traveling eastbound on US Hwy 34.

17. Mr. Thomas lost control of his vehicle and crashed into the guardrail.

18. Colorado State Patrol investigated the crash.

19. Mr. Thomas was cited for Careless Driving pursuant to C.R.S. § 42-4-1402 and DUI pursuant to C.R.S. § 42-4-1301(1)(a).

20. No third person or entity caused the crash.

21. Mr. Thomas was carelessly driving at the time of the crash.

22. Mr. Thomas's careless driving was the cause of the crash.

23. Ms. Stovall was injured as a result of the crash.

24. Ms. Stovall required medical treatment due to the injuries she sustained in the crash.

25. STATE FARM agrees that Ms. Stovall was injured as a result of the crash.

26. STATE FARM agrees that Ms. Stovall was not contributorily negligent.

27. Mr. Thomas possessed liability insurance with Progressive Insurance Company (hereinafter "Thomas Policy") at the time of the crash.

28. The Thomas Policy at the time of the crash had a $25,000.00 per-person liability limit.

29. With STATE FARM's permission, Ms. Stovall settled her claim with Mr. Thomas for his liability policy limits of $25,000.00.

30. In May 2023, Ms. Stovall timely notified STATE FARM of her underinsured claim.

31. Ms. Stovall, through her attorney, submitted crash related medical records and bills to STATE FARM.

32. Ms. Stovall's medical bills for treatment related to the crash are at least $40,000.00.

33. In July 2023, STATE FARM had in its possession medical bills totaling more than $40,000.00 for Ms. Stovall's crash related medical treatment.

34. STATE FARM does not dispute Ms. Stovall's crash related medical bills exceed the Thomas liability coverage.

35. Mr. Thomas was underinsured for the purposes of covering all Ms. Stovall's injuries, damages, and loses caused by the crash.

36. In July 2023, STATE FARM knew Ms. Stovall had damages that exceeded Mr. Thomas's policy limits.

37. STATE FARM's policy contract with Ms. Stovall for underinsured motorist coverage specifies it will pay compensatory damages Ms. Stovall is legally entitled to recover from Mr. Thomas — an underinsured driver.

38. STATE FARM knows Ms. Stovall was legally entitled to recover economic damages, noneconomic damages, and damages for permanent impairment from Mr. Thomas — an underinsured driver.

39. In August 2023, STATE FARM knew Ms. Stovall was entitled to compensatory damages from Mr. Thomas that exceeded the liability limits under the Thomas Policy.

40. STATE FARM has never paid any underinsured motorist benefits to Ms. Stovall.

41. STATE FARM has never alleged that Ms. Stovall was fully compensated by Mr. Thomas's liability limits.

42. STATE FARM did not hire a biomechanical engineer or crash reconstruction expert before it denied paying underinsured motorist benefits to Ms. Stovall.

43. STATE FARM did not conduct an independent medical exam of Ms. Stovall before it denied paying uninsured motorist benefits to Ms. Stovall.

44. STATE FARM denied paying UIM benefits to Ms. Stovall based on Ms. Stovall's alleged assumption of risk.

45. The defense of assumption of risk requires knowledge of danger and consent to it.

46. STATE FARM never investigated whether Ms. Stovall had knowledge of Mr. Thomas' intoxication or whether she consented to the danger of getting into the vehicle with him.

47. STATE FARM never conducted an interview with Ms. Stovall before it denied her UIM claim.

48. STATE FARM never interviewed Mr. Thomas before it denied Ms. Stovall's UIM claim.

49. On or about July 26, 2023, Ms. Stovall, through her attorney, asked STATE FARM to pay UIM benefits it owed without delay.

50. In response, STATE FARM denied owing UIM benefits to Ms. Stovall.

51. STATE FARM has a duty of good faith to Ms. Stovall.

52. STATE FARM could have hired a medical doctor to evaluate Ms. Stovall's medical records before it denied Ms. Stovall's underinsured motorist claim.

53. STATE FARM adjusters are trained to place a dollar value on economic damages.

54. STATE FARM adjusters are trained to place a dollar value on non-economic damages.

55. STATE FARM adjusters are trained to place a dollar value on physical impairment damages.

56. STATE FARM adjusters are trained to timely pay first party benefits.

57. STATE FARM adjusters are trained to not place the interests of their employer over the interests of the insured.

58. STATE FARM adjusters are trained to timely investigate claims.

59. STATE FARM unreasonably withheld and denied underinsured benefits from Ms. Stovall.

60. Ms. Stovall fully cooperated with STATE FARM's investigation of her claim.

61. STATE FARM's policy with Ms. Stovall does not require her to negotiate with STATE FARM to receive benefits.

62. STATE FARM's policy with Ms. Stovall does not require her to settle her claim with STATE FARM to receive benefits.

63. Every day that STATE FARM continues to withhold benefits from Ms. Stovall is an additional act of bad faith.

64. At no time prior to denying underinsured benefits to Ms. Stovall did STATE FARM request an

independent medical exam.

65. At no time prior to denying underinsured benefits to Ms. Stovall did STATE FARM request a recorded statement from Ms. Stovall.

66. STATE FARM's delay and denial of underinsured benefits to Ms. Stovall was a knowing and intentional act.

67. STATE FARM failed to reasonably investigate Ms. Stovall's claim.

68. STATE FARM's basis for denial of UIM benefits is unreasonable without conducting an investigation that includes interviews of involved parties.

### FIRST CLAIM FOR RELIEF
### (Breach of Contract -
### Claim for Uninsured Motorist Benefits Against STATE FARM)

69. Ms. Stovall incorporates all prior allegations as though fully set forth herein.

70. Sometime prior to the crash, Ms. Stovall, entered into a contract with STATE FARM for the purpose of obtaining automobile insurance, which policy includes coverage for claims involving underinsured motorists.  At all times pertinent to the within action, all the premiums as required under the contract for insurance were paid to STATE FARM.

71. Ms. Stovall has advised STATE FARM of a claim for underinsured motorist benefits for this incident under its policy of insurance and has otherwise fully cooperated with STATE FARM in connection with the claim.

72. Ms. Stovall is an intended beneficiary of STATE FARM's insurance policy/contract and is therefore entitled to enforce its terms.

73. Ms. Stovall is entitled to be compensated by STATE FARM for all damages she has incurred, including pain, suffering, loss of enjoyment of life, loss of earnings and earning capacity, permanency and/or impairment, and disability, and past and future medical expenses under the uninsured motorist coverage of the policy.

74. STATE FARM has failed to adequately compensate Ms. Stovall for her damages and, as a result, has breached the terms of the contract to which Ms. Stovall is an intended beneficiary.

### SECOND CLAIM FOR RELIEF
### (First Party Statutory Claim under C.R.S. §§ 10-3-1115 & 1116 Against STATE FARM)

75. Ms. Stovall incorporates all prior allegations as though fully set forth herein.

76. At all times relevant, STATE FARM was engaged in the business of insurance.

77. STATE FARM has denied and delayed payment of underinsured motorist benefits to Ms. Stovall without a reasonable basis for its action.

78. STATE FARM unreasonable position and conduct have caused Ms. Stovall damage by the loss of the compensation that is due to her and which STATE FARM should have previously paid to her.

79. In accordance with C.R.S. §10-3-1116, Ms. Stovall is entitled to recover from STATE FARM two times the covered underinsured motorist benefits plus reasonable attorney's fees and court costs.

### THIRD CLAIM FOR RELIEF
**(Common Law Bad Faith Breach of Insurance Contract Against Defendant STATE FARM)**

80. Ms. Stovall incorporates all prior allegations as though fully set forth herein.

81. STATE FARM owed Ms. Stovall a duty to act in good faith in reviewing, adjusting, and settling his claims.

82. STATE FARM breached its duties to its insured, and acted in bad faith, through its conduct as described above and by engaging in the following, among other acts:

    (a) Compelling Ms. Stovall to institute litigation to recover amounts due to her under the underinsured motorist bodily injury liability benefits afforded Ms. Stovall under the insurance policy by undervaluing the extent of his damages;

    (b) Favoring the interests of STATE FARM, an insurer, over those of Ms. Stovall, an insured, to whom STATE FARM owes statutory duties; and

    (c) Failing or delaying payment of reasonable compensation for the injuries, damages, and losses Ms. Stovall suffered at the hands of an underinsured insured motorist.

83. STATE FARM's actions are unreasonable.

84. STATE FARM knew its conduct was unreasonable or disregarded the fact that its conduct was unreasonable.

85. As a direct result of STATE FARM's breaches of its duties to its insured, Ms. Stovall has been damaged including, but not necessarily limited to:

    (a) Being forced to incur additional costs in litigation;

    (b) Enduring the emotional trauma of being unnecessarily involved in a lawsuit with STATE FARM; and

    (c) Being deprived of the use of funds.

WHEREFORE, Ms. Stovall respectfully request that this Court enter judgment against the Defendant, and in her favor for actual damages in an amount to be determined at the time of trial, twice the covered benefits unreasonably delayed or denied, pre-judgment interest from the date of the accident, post-judgment interest, costs, expert witness fees, and for such other and further relief as this Court deems proper.

Respectfully, submitted on this 26th day of September 2023.

                                              FRANKLIN D. AZAR & ASSOCIATES, P.C.

                                              By: */s/ Josh Hotchkiss*
                                              Josh Hotchkiss, Reg. No. 53105
                                              ATTORNEY FOR PLAINTIFF

**Plaintiff's Address:**
1816 30th Street, Apt. 303
Greeley, CO 80631

*In accordance with C.R.C.P. 121, §1-26(9), a printed copy of this document with original signatures is being maintained by the filing party and will be made available for inspection by other parties or the Court upon request.*