IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:23-cv-02836-CNS-NRN

CAMDENNE STOVALL,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Defendant.

---

## ORDER

Plaintiff Camdenne Stovall objects to two orders entered by United States Magistrate Judge N. Reid Neureiter. ECF No. 75. She first objects to Magistrate Judge Neureiter's order denying her Motion to Strike Defendant's Designation of Non-Party. ECF No. 73 (order). She also objects to his order granting Defendant State Farm's Request for a Rule 35 Examination. ECF No. 67 (courtroom minutes reflecting order following hearing). Because Plaintiff cannot demonstrate that Magistrate Judge Neureiter's orders are clearly erroneous or contrary to law, the Court overrules Plaintiff's objections and AFFIRMS his orders.

### I. BACKGROUND

On April 30, 2023, Plaintiff was injured in a car accident. ECF No. 74 (first amended complaint), ¶ 6. At the time of the crash, Plaintiff was in the passenger seat of a car driven by 19-year-old Leandrew Thomas, whose careless and potentially intoxicated driving

1

allegedly caused the accident. *Id.*, ¶¶ 7, 19–22. This case concerns the underinsured motorist (UIM) coverage policy between Plaintiff and Defendant, and Defendant's allegedly wrongful failure to pay under that policy.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 72(a) provides a party the opportunity to object to a magistrate judge's order on a non-dispositive pretrial matter. "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006) (district courts must "defer to the magistrate judge's ruling" on non-dispositive matters "unless it is clearly erroneous or contrary to law" (citations omitted)). "[M]ere disagreement with [a] Magistrate Judge['s] recommendation does not make the recommendation incorrect or outside the bounds of his authority." *Witt v. Colorado*, No. 22-CV-02242-CNS-NRN, 2023 WL 345960, at *1 (D. Colo. Jan. 20, 2023) (quotation marks and citation omitted).

## III. ANALYSIS

### A.  Plaintiff's Motion to Strike Defendant's Designation of Non-Party

Defendant filed a Designation of Nonparties at Fault, stating that,

> to the extent that Plaintiff's allegations that she is legally entitled to collect additional damages as a result of the subject motor vehicle accident are proven as true, Defendant designates as nonparties at fault [u]nknown social hosts[1] who served underage Leandrew Thomas alcohol prior to the accident or provided him a place to consume alcohol, including but not limited to, Mr. Thomas' brother or brothers,

---

[1] Unknown persons may be designated as nonparties under § 13–21–111.5(3). *Pedge v. RM Holdings*, Inc., 75 P.3d 1126, 1128 (Colo. App. 2002).

> or other social hosts. Prior to the subject motor vehicle collision on April 30, 2023, Plaintiff testified that Mr. Thomas, who was underage at the time, consumed alcohol provided by his brother and/or brothers or other social hosts more than 3.5 hours before the accident, and suggests that was the source of Mr. Thomas' intoxication at the time of the accident. If true, pursuant to C.R.S. § 44-3-801, fault would be attributable to Mr. Thomas' brother or brothers or other social hosts, for providing an excess of alcohol to Mr. Thomas, in knowingly providing alcohol to an underaged individual or knowingly providing a place for an underaged individual to consume alcohol, and for otherwise failing to exercise reasonable care.

ECF No. 32 at 1–2. Plaintiff moved to strike Defendant's designation, arguing that (1) the designation is insufficient because it does not adequately allege each element of a claim under the Dram Shop Act, and (2) the designation is futile because nonparty designation under Colo. Rev. Stat. § 13-21-111.5 does not apply to statutory or common law bad faith claims. ECF No. 35 at 3–5. Magistrate Judge Neureiter disagreed on both points and denied Plaintiff's motion. ECF No. 73.

Magistrate Judge Neureiter thoroughly explained why § 13-21-111.5 applied in this circumstance, ultimately concluding that, "because the claims in this case require a determination of the tortfeasor's (Mr. Thomas') liability, it is appropriate to permit the designation of a nonparty at fault under § 13-21-111.5 in circumstances where a non-party may share a 'degree or percentage of negligence or fault' in the accident." *Id.* at 10–14 (quoting Colo. Rev. Stat. § 13-21-111.5(3)(a)). Magistrate Judge Neureiter went on to find that the designation satisfied § 13-21-111.5(3)(b)'s requirement to contain a "brief statement of the basis for believing such nonparty to be at fault." *Id.* at 16.

Plaintiff objects to Magistrate Judge Neureiter's order permitting the designation, essentially raising the same two arguments from her motion to strike. *Compare* ECF No.

3

75 at 5–10, *with* ECF No. 35 at 3–6. She first argues that social hosts cannot be non-party designees in bad faith claims. She then argues that Defendant's designation is futile because it does not contain allegations supporting every element of the tort that the designated nonparty supposedly committed. The Court disagrees with both arguments.

Plaintiff does not cite any authority demonstrating that Magistrate Judge Neureiter's order is clearly erroneous or contrary to law. Relying on *Giertz*, a 2023 Tenth Circuit decision, Magistrate Judge Neureiter properly explained that, in UIM actions, the defendant insurer "steps into the shoes of the alleged tortfeasor, as though the insurer were the driver." *Giertz v. State Farm Mut. Auto. Ins. Co.*, No. 22-1114, 2023 WL 3728197, at *3 (10th Cir. May 26, 2023) (citing *Peterman v. State Farm Mut. Auto. Ins. Co.*, 961 P.2d 487, 493 (Colo. 1998)). Thus, the defendant insurer essentially defends the tortfeasor's behavior. *See Sunahara v. State Farm Mut. Auto. Ins. Co.*, 280 P.3d 649, 657–58 (Colo. 2012). It follows that, "[b]ecause the legal liability of the underinsured motorist is an essential element of a UIM insurance claim, and, correspondingly, an essential element of the statutory and common law bad faith and exemplary damages claims, a designation of a non-party at fault may be appropriate under § 13-21-111.5." ECF No. 73 at 13–14 (citing *Power Eng'g Co. v. Fed. Ins. Co.*, No. 21-CV-00345-CMA-NRN, 2022 WL 16572308, at *2 (D. Colo. Nov. 1, 2022); *2506 6th St., LLC v. WestGUARD Ins. Co.*, No. 21-CV-01673-WJM-MDB, 2022 WL 17335952, at *5 (D. Colo. Nov. 30, 2022); *Barradale v. Travelers Home & Marine Ins. Co.*, No. 20-CV-02355-NYW, 2021 WL 10131834, at *6 (D. Colo. Apr. 27, 2021). The Court finds that Magistrate Judge Neureiter's order was sound and not contrary to law.

4

Turning to Plaintiff's second objection, she argues that Magistrate Judge Neureiter erred in finding that Defendant's designation complied with the statute. ECF No. 76 at 8–10. The Court again disagrees with Plaintiff. The statute requires the defending party to give "notice that a nonparty was wholly or partially at fault . . . together with a brief statement of the basis for believing such nonparty to be at fault." Colo. Rev. Stat. § 13-21-111.5(3)(b). Defendant's designation plainly does that. The Court thus overrules Plaintiff's objection.

Accordingly, the Court affirms Magistrate Judge Neureiter's order denying Plaintiff's Motion to Strike Defendant's Designation of Non-Party.

### B.   Plaintiff's Rule 35 Examination

After hearing oral argument, Magistrate Judge Neureiter determined that there was good cause for a Rule 35 independent medical examination (IME) and thus ordered Plaintiff to sit for an IME with physiatrist and neurologist Dr. Haley Burke. ECF No. 67; ECF No. 81 (transcript from July 10, 2024 hearing). Plaintiff argues that his order is contrary to *Schultz v. Geico*, 429 P.3d 844 (Colo. 2018). ECF No. 75 at 10–11. The Court disagrees.

To start, Plaintiff argues that "Magistrate Judge Neureiter's Order did not contemplate the *Schultz* decision." *Id.* at 11. While his minute order did not explicitly mention *Schultz*, at the hearing on Defendant's motion, Magistrate Judge Neureiter included a substantial discussion of *Schultz*, finding that it was inapplicable to the case at hand. ECF No. 81.

On to the merits, Plaintiff fails to show that Magistrate Judge Neureiter's order of an IME was contrary to *Schultz*. As Defendant points out, courts in this district have held that, where, as here, the amount of UIM benefits owed is still in question, a Rule 35 examination may be appropriate. *See Anchondo-Galaviz v. State Farm Mut. Auto. Ins. Co.*, No. 18-CV-01322-JLK-NYW, 2019 WL 11868519, at *10 (D. Colo. July 19, 2019) ("This court finds *Schultz* distinguishable because in that case the plaintiff's physical condition was no longer at issue—the only remaining issue was whether the benefits paid to the plaintiff were unduly delayed."); *Curtis Park Grp., LLC v. Allied World Specialty Ins. Co.*, No. 120CV00552-CMA-NRN, 2020 WL 5406130, at *5 (D. Colo. Sept. 9, 2020) (finding *Schultz* inapposite because the underlying question of coverage remained outstanding); *Meumann v. Peerless Indemnity Ins. Co.*, No. 19-CV-03554-CMA-KMT, 2020 WL 4016111, at *2 (D. Colo. July 15, 2020) ("Plaintiff claims that he will continue to require accident-related treatment for the rest of his life. In *Shultz*, of course, the plaintiff's medical treatment and his later claims were in the past, and coverage for the claims had been undisputedly previously made by the insurer. Therefore, *Shultz* is inapposite to this case.").

In sum, Plaintiff cannot show that Magistrate Judge Neureiter's order concerning the IME was clearly erroneous or contrary to law. Her objection, therefore, is overruled.

## IV.  CONCLUSION

For the reasons above, the Court overrules Plaintiff's objections, ECF No. 75, and AFFIRMS Magistrate Judge Neureiter's orders, ECF Nos. 67, 73.

DATED this 17th day of October 2024.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge